UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────

JENNIFER HENRY,

                Plaintiff,

      - against -

JAMES PEAKE, SECRETARY OF THE
DEPARTMENT OF VETERANS AFFAIRS,

                Defendant.

─────────────────────────────

08 Civ. 6829 (JGK)

<u>MEMORANDUM OPINION AND
ORDER</u>

JOHN G. KOELTL, District Judge:

The plaintiff, Jennifer Henry, appearing pro se, brings this action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, (the "ADA") against James Peake[1], Secretary of the Department of Veterans Affairs ("the VA" or "the Agency"), alleging that the Agency has failed to enforce the final decision of the Merit Systems Protection Board ("MSPB" or "the Board") directing the Agency to accommodate Henry's disability.  Although the plaintiff brings this suit under the ADA, the United States and its agencies are not subject to suit under the ADA, <u>see</u> 42 U.S.C. § 12111(5)(B), and this suit is properly considered as arising under the Rehabilitation Act of 1973 (the "Rehabilitation Act").

───────────────

[1]    The Clerk is directed to correct the caption to reflect the correct spelling of the defendant's last name as "Peake."

The defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, or, in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

## I.

When presented with motions under both Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6), the Court must first analyze the Rule 12(b)(1) motion to determine whether the Court has the subject matter jurisdiction necessary to consider the merits of the action.  See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 2000); Abrahams v. App. Div. of the Sup. Ct., 473 F. Supp. 2d 550 (S.D.N.Y. 2007).

In defending a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving the Court's jurisdiction by a preponderance of the evidence. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In considering such a motion, the Court generally must accept the material factual allegations in the complaint as true.  See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).  The Court does not, however, draw all reasonable inferences in the plaintiff's favor.  Id.; Graubart v. Jazz Images, Inc., No. 02 Civ. 4645, 2006 WL 1140724, at *2 (S.D.N.Y. Apr. 27, 2006).  Indeed, where jurisdictional facts are

disputed, the court has the power and the obligation to consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists.  See APWU v. Potter, 343 F.3d 619, 627 (2d Cir. 2003); Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998); Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986).  In so doing, the Court is guided by that body of decisional law that has developed under Federal Rule of Civil Procedure 56. Kamen, 791 F.2d at 1011; see also Melnitzky v. HSBC Bank USA, No. 06 Civ. 13526, 2007 WL 1159639, at *5 (S.D.N.Y. Apr. 18, 2007).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor.  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Arista Records LLC v. Lime Group LLC, No. 06 Civ. 5936, 2007 WL 4267190, at *4-5 (S.D.N.Y. Dec. 3, 2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient."  Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Kavowras v. New York Times Co., 328 F.3d 50, 57 (2d Cir. 2003); Taylor v. Vermont Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d. Cir. 1991).

The pleadings and allegations of a pro se plaintiff must be construed liberally for the purposes of both Rules 12(b)(1) and 12(b)(6). See McKithen v. Brown, 481 F.3d 89, 96 (2d. Cir. 2007) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)); Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002). Additionally, the submissions of a pro se litigant should be interpreted to "raise the strongest arguments that they suggest." Pabon v. Wright, 459, F.3d 241, 248 (2d Cir. 2006) (quoting Burgos v. Hopkins, 14

F.3d 787, 790 (2d Cir. 1994)); <u>Melnitzky v. Jones</u>, No. 07 Civ.
7380, 2008 WL 3884361, at **1-2 (S.D.N.Y. Aug. 21, 2008).

**II.**

The Court accepts the following factual allegations for the
purposes of this motion.  Jennifer Henry began her employment
with the Department of Veterans Affairs in May 1991.  (Tulloch
Decl. ¶ 3.)  On June 9, 2003, the VA proposed that Henry be
removed from her position as Program Support Clerk in the
Veterans Service Division because medical documentation, which
the plaintiff furnished to the VA, showed that she was unable to
perform the essential functions of her job.  (Tulloch Decl. Ex.
E at 2-3.)  Henry was indeed removed effective July 11, 2003.
(Tulloch Decl. ¶ 3.)

On August 1, 2003, Henry filed a "mixed-case" appeal to the
MSPB challenging her removal, arguing that her removal was the
result of Agency discrimination and retaliation.  (Tulloch Decl.
Ex. A at 11.)  A "mixed-case" appeal is one that includes at
least an appeal from a decision on discrimination and possibly
an appeal from a decision on a non-discrimination claim.  Henry
suffers from scoliosis, which caused her to be unable to perform
certain duties at work.  (Tulloch Decl. Ex. A at 7-9.)

A hearing was held before an Administrative Judge ("ALJ")
on October 29, 2003.  (Tulloch Decl. Ex. E at 1.)  By decision
dated December 30, 2003, the ALJ found that the record supported

the Agency's charge that Henry was unable to perform an essential function of her position, namely filing.  (Tulloch Decl. Ex. E at 10.)  The ALJ also determined that this inability to perform was the cause of Henry's removal (Tulloch Decl. Ex. E at 13), but that the Agency had failed to meet its burden of proving that reasonable accommodation of the plaintiff's condition was not possible (Tulloch Decl. Ex. E at 17). Accordingly, the ALJ found that Henry "has established a claim of disability discrimination, and is entitled to reinstatement to the Program Support Clerk position with reasonable accommodation" or to reassignment to a position with no heavy lifting.  (Tulloch Decl. Ex. E at 19.)  The ALJ ordered the Agency to pay the plaintiff back pay with interest.  (Tulloch Decl. Ex. E at 19.)

The ALJ's decision gave the plaintiff notice of her right to appeal.  The plaintiff had the right to file a petition for review with the MSPB.  If the plaintiff disagreed with the final decision of the MSPB on discrimination, she had the right to file a petition with the Equal Employment Opportunity Commission ("EEOC").  Alternatively, she had the right to file a civil action in district court seeking review of both discrimination and non-discrimination issues.  If the plaintiff chose not to contest the MSPB's decision on discrimination, she had the right to ask for judicial review of the non-discrimination issues by

filing a petition with the Court of Appeals for the Federal
Circuit.  (Tulloch Decl. Ex. E at 22-23.)  Neither party
appealed the decision to the MSPB (Tulloch Decl. ¶ 8), and the
ALJ's decision became final on February 3, 2004 (Tulloch Decl.
Ex. E at 21).

The VA wrote to Henry on January 13, 2004, informing her
that it would not be possible to reassign her to the Program
Support Clerk position because the Agency could not provide
reasonable accommodations without imposing an undue hardship on
the Agency, and further, that there were no vacant full time
positions in the New York Regional Office that were available
for her reassignment.  (Tulloch Decl. Ex. F at 2.)  The Agency
stated that it was attempting to locate an available position
outside of the New York Regional Office that would accommodate
Henry's physical restrictions, and in the meantime, Henry would
be assigned to a temporary position.  (Tulloch Decl. Ex. F at
2.)

On January 16, 2004, Henry's union representative sent a
petition for enforcement to the ALJ arguing that the Agency's
actions were "inconsistent" with the ALJ's decision.  (Tulloch
Decl. Ex. G.)  After the VA submitted papers in response
(Tulloch Decl. Ex. H), the ALJ granted the petition for
enforcement, finding that the Agency was not in compliance with
the final decision because the Agency had failed to prove that

Henry's position could not be restructured, and that her
alternate request to be placed in training for a Veterans
Service Representative ("VSR") position was not unreasonable
(Tulloch Decl. Ex. I at 1-2, 6).  Because the ALJ found the
Agency in noncompliance, the matter was referred to the Board's
Office of General Counsel.  (Tulloch Decl. Ex. J at 3.)  On
September 1, 2005, the MSPB vacated the ALJ's compliance
recommendation and remanded the matter for further proceedings
to determine whether installing automatic drawer openers or
reassigning Henry to a VSR position would impose an undue
hardship on the Agency.  (Tulloch Decl. Ex. J at 1, 8-12.)

     Upon rehearing, the ALJ found, based upon the parties'
submissions, that installing automatic drawer openers would
impose an undue hardship, but reassigning Henry to the VSR
position would not.  (Tulloch Decl. Ex. N at 9, 16.)  The ALJ
directed the Agency to engage in an "interactive process with
the appellant to determine whether providing her some assistive
equipment . . . would allow her to perform in the position of
Program Support Clerk, GS-05.  If unsuccessful, the agency
should allow the appellant to take the examination for the VSR
position, and if she passes the exam, to provide the same VSR
provided to any other applicant who passes the exam before
reassigning her to the position of Veterans Service
Representative, GS-05."  (Tulloch Decl. Ex. N at 21.)  The VA

appealed this decision to the MSPB.  (Tulloch Decl. Ex. O at 2.)
Prior to decision, though, the VA notified Henry that it had
created a new position as a "reasonable accommodation" that
encompassed the duties Henry had in the mailroom and
accommodated her physical restrictions.  (Tulloch Decl. Ex. O at
3.)  The suggestion to create a new position to accommodate
Henry was originally raised by her representative.  (Tulloch
Decl. Ex. P at 9.)

     The MSPB reviewed the ALJ's finding of noncompliance on
appeal by the VA because the plaintiff maintained that the
Agency was still not in compliance despite the plaintiff's
recent reassignment.  (Tulloch Decl. Ex. P at 4.)  The Agency
informed the MSPB that it "had accommodated the appellant by
permanently placing her in a program support clerk position in
the Support Services Division."  (Tulloch Decl. Ex. P at 4;
Pl.'s Am. Compl. 10.)

     Upon review of the record, the MSPB found, on March 31,
2008, that the new position created for Henry "demonstrates
compliance with the Board's final order."  (Tulloch Decl. Ex. P
at 10.)  Because the VA was in compliance with the final
decision, the MSPB found that "there is no reason to address the
appellant's allegation of other possible accommodation."
(Tulloch Decl. Ex. P at 10.)  Further, the MSPB stated that
"because the agency is in compliance, the petition for

enforcement is moot." (Tulloch Decl. Ex. P at 11.) At the end of the decision, Henry was informed that she had a right to appeal the MSPB's ruling, and that the appeal must be filed with the Court of Appeals for the Federal Circuit. (Tulloch Decl. Ex. P at 13.) This request for review was required to be filed no later than 60 calendar days after her receipt of the order. (Tulloch Decl. Ex. P at 13.)

On July 2, 2008, Henry petitioned the EEOC to review the decision issued by the MSPB. (Tulloch Decl. Ex. Q at 1.) The EEOC denied consideration of the petition because the EEOC "has jurisdiction over mixed case appeals which the MSPB has issued a decision that makes determinations on allegations of discrimination," and this appeal was not "mixed." (Tulloch Decl. Ex. Q at 2.) The EEOC stated that the appeal was not "mixed" because "petitioner is complaining about the failure to receive compensatory damages and the fact that she was reassigned rather than reasonably accommodated in her original position." (Tulloch Decl. Ex. Q at 2.) The EEOC advised the petitioner that the appeal was untimely because she "should have raised any challenge to the relief ordered by the MSPB when its initial decision was issued in December 2003. It is untimely to now raise it years later in the context of an action to enforce the MSPB's order." (Tulloch Decl. Ex. Q at 2.) The plaintiff

then filed her initial complaint in this action on July 31,
2008, and her amended complaint on September 26, 2008.

### III.

The plaintiff asserts multiple claims against the VA in
this appeal:  (1) failure to enforce the final decision of the
ALJ; (2) failure to train; (3) failure to promote; and (4)
failure to accommodate the plaintiff.  (Pl.'s Am. Compl. 3.)
Specifically, the plaintiff contends that the reassignment the
Agency provided for her constitutes a failure to comply with the
February 2004 final decision of the ALJ, finding discrimination
and ordering relief.  (Pl.'s Am. Compl. 8.)   The plaintiff also
seeks compensatory damages and attorney's fees.  (Pl.'s Am.
Compl. 4.)

The Court, however, lacks jurisdiction to hear these
claims.  The statutory and regulatory framework provides
exclusive jurisdiction in the Court of Appeals for the Federal
Circuit to hear these claims.  The Civil Service Reform Act, 5
U.S.C. § 7701, et seq., provides qualified federal employees
with different avenues to challenge an adverse employment action
that the employee believes stemmed from or involved unlawful
discrimination (a "mixed case").  See 5 U.S.C. §§ 7512, 7701.
Under this framework, an aggrieved employee may file either a
mixed case complaint with the Equal Employment Opportunity

("EEO") Office or a mixed case appeal with the MSPB.[2]  <u>See</u> 29
C.F.R. § 1614.302; <u>see also</u> <u>Fernandez v. Chertoff</u>, 471 F.3d 45,
52-55 (2d Cir. 2006) (describing statutory framework).  A "mixed
case" appeal "is an appeal filed with the MSPB that alleges that
an appealable agency action was effected, in whole or in part,
because of discrimination on the basis of race, color, religion,
sex, national origin, handicap or age."  29 C.F.R. §
1614.302(a)(2); <u>see also</u> 5 U.S.C. § 7702 (noting that the MSPB
has jurisdiction over mixed cases).

In a "mixed case" appeal, the initial decision of the
administrative judge becomes final within thirty-five days
unless either party petitions the full MSPB for review of the
initial decision.  <u>See</u> 5 C.F.R. §§ 1201.113, 1201.114.  Once the
decision of the MSPB becomes final, the employee may request
that the EEOC review the MSPB's finding on the claim of
discrimination within thirty days.  <u>See</u> 5 U.S.C. § 7702(b); 29
C.F.R. § 1614.303(c).  If the employee wants to appeal the
entire MSPB decision-both the finding of discrimination and the
relief ordered-the employee may forego the EEOC and file suit in
the appropriate district court within thirty days of receiving
notice that the matter is judicially reviewable.  5 U.S.C. §
7703(b)(2); <u>see also</u> 29 C.F.R. § 1614.310(b) (noting that civil

---

[2]      The regulations governing MSPB proceedings are found at 5 C.F.R. §§
1201.1, <u>et seq.</u>

action in district court is appropriate if filed "[w]ithin 30 days of receipt of notice of the final decision or action taken by the MSPB if the individual does not file a petition for consideration with the EEOC").

Once a decision becomes final, either party may petition the MSPB for enforcement of the decision.  5 C.F.R. § 1201.182. Upon a properly filed petition for enforcement, the administrative judge must issue a decision on the question of compliance.  5 C.F.R. § 1201.183(a)(4)-(5).  If the judge finds the Agency has not complied with the final decision, the ALJ must make a recommendation to the MSPB.  5 C.F.R. § 1201.183(a)(5).  If the judge finds non-compliance, the MSPB must then rule on the administrative judge's recommendation.  5 C.F.R. § 1201.183(b).

The MSPB's compliance decision creates a separate judicially reviewable action; review is governed by 5 C.F.R. § 1201.120.  See 5 C.F.R. § 120.183(b)(3).  Section 1201.120 provides:

> Any employee or applicant for employment who is adversely affected by a final order or decision of the Board under the provisions of 5 U.S.C. 7703 may obtain judicial review in the United States Court of Appeals for the Federal Circuit.  As § 1201.175 of this part provides, an appropriate United States district court has jurisdiction over a request for judicial review of cases involving the kinds of discrimination issues described in 5 U.S.C. 7702.

5 C.F.R. § 1201.120.  If the matter on review does not involve claims of discrimination, the Federal Circuit has exclusive jurisdiction.  If, in contrast, the matter for review involves claims of discrimination, then an appropriate federal district court maintains jurisdiction.  See 5 U.S.C. § 7703; 5 C.F.R. § 1201.175.  Thus, when an appeal of an MSPB decision does not involve a claim of discrimination, the Court of Appeals for the Federal Circuit has exclusive jurisdiction.

In this case, Henry's appeal is not an appeal from a finding on a claim of discrimination.  The ALJ's decision regarding discrimination against Henry by the VA became final on February 3, 2004, when Henry did not appeal.  Henry claims in her Amended Complaint that the Agency "[f]ail[ed] to enforce the Final Decision of my case." (Pl.'s Am. Compl. 8.)  She argues that the "decision became final but the agency refused to obey the decision . . . I have been fighting ever since for the agency to obey the final decision for reasonable accommodations." (Pl.'s Am. Compl. 8.)  She complains about the types of accommodations she has been given and she objects to removing her from the Veterans Service Division where training and promotion are possible. (Pl.'s Am. Compl. 8.)  This action, including the claims for failure to train and promote, is an appeal from the MSPB's determination that the VA was compliant with the ALJ's final order, not an appeal from a finding on a

14

claim of discrimination.  This is evident from the substance of
the plaintiff's complaint in which she challenges the substance
of the failures by the VA to comply with the ALJ's decision that
became final on February 3, 2004.  It is also evident from the
fact that the last decision of the MSPB, on March 31, 2008,
concerned only compliance issues and specifically advised the
plaintiff that any appeal must be filed with the Court of
Appeals for the Federal Circuit.  When the plaintiff attempted
to raise claims of discrimination with the EEOC, the EEOC made
it clear that the MSPB decision was not a mixed case decision
that resolved a claim of discrimination.

When the original claim of discrimination is eliminated
from a case, the Federal Circuit has exclusive jurisdiction.
See Blake v. Dep't of the Air Force, 794 F.2d 170, 172-73 (5th
Cir. 1986) (dismissing case for lack of jurisdiction where
discrimination claim was eliminated from case); Wallace v. Merit
Sys. Prot. Bd., 728 F.2d 1456, 1458-59 (Fed. Cir. 1984) (holding
Federal Circuit had jurisdiction even though original petition
included claim of discrimination); Meehan v. U.S. Postal Serv.,
718 F.2d 1069, 1073-74 (Fed. Cir. 1983) (holding Federal Circuit
had exclusive jurisdiction where claim of discrimination was
abandoned); Stephens v. Connley, 842 F. Supp. 1457, 1459-60
(M.D. Ga. 1994) (holding Federal Circuit had exclusive
jurisdiction where discrimination claim involved in the MSPB

15

action was eliminated from case).  Because this case is no longer a "mixed case,"[3] the Court of Appeals for the Federal Circuit has exclusive jurisdiction and this Court lacks jurisdiction to hear Henry's appeal from the MSPB's finding that the VA was compliant with the ALJ's final order[4].

The plaintiff's claim for compensatory damages is also dismissed.  While the MSPB has the power to award compensatory damages, and the district court has jurisdiction to review the Board's decisions, Henry did not request compensatory damages in

---

[3]    To appeal a MSPB decision finding discrimination and ordering relief, an employee may file an appeal with an appropriate United States district court within thirty days of receiving notice of the judicially reviewable action.  5 U.S.C. § 7703(b)(2).  In this case, Henry did not appeal the December 30, 2003 decision where the ALJ found that her disability was the reason for her removal and ordered relief.  (Tulloch Decl. Ex. E at 19.) This decision is now final.  Thus, review of the ALJ's finding of discrimination is not proper, and Henry's case is no longer a "mixed case."

[4]    The plaintiff's complaints about failure to train and failure to promote are complaints about the degree to which the VA was compliant with the ALJ's final order, and, as the MSPB plainly indicates are appealable only to the Court of Appeals for the Federal Circuit.  The plaintiff does refer to some additional allegations.  She complains that she had no promotion opportunities "from 2001 to 2002" because she was not allowed to take "the promotion exam."  (Pl.'s Am. Compl. 8.)  She also complains that she was harassed by her supervisors in 2004.  She also refers to retaliation.  (Pl.'s Am. Compl. 8.)  However, these claims have nothing to do with the question of compliance with the ALJ's final decision and were not raised in the plaintiff's petition for enforcement.  (See Tulloch Decl. ¶ 10 n.1.) Moreover, they appear to pre-date the plaintiff's petition for enforcement, and are not properly before the Court in this case.  See, e.g., McKee v. United States Postal Service, 206 F. App'x 996, 998 (Fed. Cir. 2006). Moreover, the plaintiff has not shown that she has exhausted her administrative remedies with respect to any of these claims.  See Boos v. Runyon, 201 F.3d 178, 181 (2d Cir. 2000); Jordan v. Potter, No. 05 Civ. 3005, 2007 WL 952070, at *4 (E.D.N.Y. Mar. 29, 2007).  Finally, the plaintiff did file a series of EEO complaints that were reviewed by the EEOC and denied. The most recent decision was issued by the VA Office of Employment Discrimination Complaint  Adjudication on February 12, 2004.  It rejected the plaintiff's complaint of discrimination.  The decision advised the plaintiff that she had 30 days to appeal to the EEOC or 90 days to file an action in the district court.  There is no record of the plaintiff doing either and these claims of discrimination would now be time barred.  (See Reyes Decl. ¶¶ 8-10 and Ex. G.)

her initial claim and these damages were not included in the ALJ's order finding discrimination and setting the terms of Henry's relief.  Henry should have raised the issue of compensatory damages on appeal from the initial decision issued in December 2003.  There is no basis for the Court to award compensatory damages now because this is an untimely appeal from the MSPB's failure to award compensatory damages.

Henry's request for attorney's fees is similarly denied. Henry submitted a clarification to the MSPB that her request for attorney's fees in this action is for possible fees to be incurred during her proceedings in this Court.  (Tulloch Decl. Ex. R.)  However, because Henry is proceeding pro se, she has not incurred any attorney's fees, and the request is therefore denied.  Cf. Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 694 (2d Cir. 1998) (holding that even though a prevailing plaintiff in a § 1981 or Title VII action is ordinarily entitled to recover attorney's fees under statute, a pro se plaintiff is not allowed to recover attorney's fees for representing herself, even if she is a lawyer).  Moreover, the plaintiff could not be considered the prevailing party entitled to attorney's fees.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is **granted**. The complaint is therefore dismissed without prejudice for lack of jurisdiction.  The Court has considered

17

all of the parties' arguments.  To the extent not specifically addressed, the arguments are either moot or without merit.

There is an outstanding motion by the plaintiff to request counsel (Docket No. 19).  There is no basis to appoint counsel because the plaintiff has failed to show that her claim is likely to have merit.  Cooper v. A. Sargenti Co., 877 F.2d 170, 171-74 (2d Cir. 1989).  Therefore, the plaintiff's application for the appointment of counsel is denied.  The Clerk is directed to close Docket No. 19.

The Clerk is directed to enter judgment and to close this case.

**SO ORDERED.**

**Dated:**     **New York, New York**
          **December 10, 2009**

John G. Koeltl
United States District Judge

18